UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALIOUNE BADARA SIMAKAN,

Petitioner,

v.

CAUSE NO. 3:26cv400 DRL-SJF

BRIAN ENGLISH, Warden of Miami
Correctional Facility,

Respondent.

OPINION AND ORDER

Immigration detainee Alioune Badara Simakan, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention.

Mr. Simakan is a citizen of Guinea. In 2016, he entered the United States as a nonimmigrant visitor on a six-month visa. In 2017, his status was terminated after he overstayed his visa without authorization from the United States Department of Homeland Security. Nevertheless, he remained in the United States. In 2023 and 2024, he was arrested on charges of larceny and assault in New York. On January 7, 2025, he was arrested by agents of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant and served with a notice to appear in immigration court. An immigration judge ordered him removed to Guinea, and his appeal to the Board of Immigration Appeals (BIA) remains pending.

After his arrest by ICE, Mr. Simakan sought a custody redetermination; and, in May 2025, an immigration judge conducted a hearing and denied bond. He appealed to the BIA,

which upheld the immigration judge's decision in June 2025. The BIA observed that, though the criminal charges against him were ultimately dismissed, "the Court takes issue with the violent nature of the respondent's first two arrests, which involve domestic violence against his wife." In the most recent incident, Mr. Simakan "was alleged to have brandished a knife, threatened to kill his wife and stepson, and slammed a car door on his wife's arm." The BIA noted that the charge was dismissed only because Mr. Simakan's wife "stopped cooperating with law enforcement." Given these circumstances and the nature of the allegations, the BIA agreed with the immigration judge's determination that Mr. Simakan posed a potential danger to the community and should not be released during the pendency of his removal proceedings.

In March 2026, Mr. Simakan filed this habeas petition challenging his detention under 28 U.S.C. § 2241 and seeking immediate release from custody. The Warden has answered the petition. Mr. Simakan did not file a reply, and the time for doing so has passed. He did submit certain exhibits to the court, including a letter from his wife asking for his release.[1]

The Warden argues that 8 U.S.C. § 1226(e) prevents this court from reviewing the Attorney General's discretionary decision to deny bond in Mr. Simakan's case. That section provides:

---

[1] The petition is quite light on detail, and Mr. Simakan does not acknowledge the prior bond denial. Instead, he argues generally that he has been wrongfully subjected to "prolonged" detention. He also did not provide a meaningful reply to the Warden's answer. The court must give his filings liberal construction because he is proceeding without counsel, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); at the same time, the court is not permitted to construct arguments for him, *see Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). This provision does not categorically bar all habeas petitions related to a bond determination, such as where the petitioner challenges "the legislation authorizing his detention." *Demore v. Kim*, 538 U.S. 510, 517 (2003); *see also Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). However, it does bar judicial review of "operational decisions" by the Attorney General to deny bond in a particular case. *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999); *see also Jennings*, 853 U.S. at 295 (recognizing discretionary nature of custody determinations under § 1226(a) and holding that "§ 1226(e) precludes an alien from challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release").

In effect, Mr. Simakan is asking the court to review the discretionary decision of the Attorney General denying him bond based on the finding that he poses a danger to the community. This is the type of "operational decision" the court is barred from reviewing under 8 U.S.C. § 1226(e). *See Parra*, 172 F.3d at 957. Therefore, the petition must be dismissed for lack of jurisdiction.

For these reasons, the petition [ECF 1] is DISMISSED for lack of jurisdiction. The clerk is DIRECTED to close the case.

SO ORDERED.

May 6, 2026                              s/ Damon R. Leichty
                                         Judge, United States District Court

3